## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN M.**, a Minor, and<br>**LISA M.**, Individually and<br>As Parent and Next Friend of **JOHN M.**, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 08 C 4576 |
| v. | ) ) | Judge Nordberg |
| **BOARD OF EDUCATION OF**<br>**THE CITY OF CHICAGO, DISTRICT 299** | ) ) ) | Magistrate Judge Denlow |
| Defendant. | ) ) | |

### DEFENDANT BOARD OF EDUCATION'S ANSWER
### TO PLAINTIFF'S COMPLAINT

Defendant, Board of Education of the City of Chicago("Board"), by its attorneys,

General Counsel Patrick J. Rocks and Senior Assistant General Counsel Kathleen M.

Gibbons, and answers Plaintiff's Complaint, stating as follows:

### PRELIMINARY STATEMENT

1.      This is an action pursuant to 20 U.S.C. Sec. 1415(i)(3) for attorney's fees and costs
incurred by Plaintiffs, JOHN M., and LISA M.; after requesting due process hearing
and prevailing in claims against Defendant BOARD OF EDUCATION OF THE CITY
OF CHICAGO, DISTRICT 299. Plaintiffs are entitled to payment of reasonable attorney
fees, which the defendant has failed to pay.

**ANSWER:** Defendant admits this action is brought pursuant to 20 U.S.C. Sec. 1415(i)(3)

but denies the remaining allegations contained in paragraph 1.

### JURISDICTION

2.      This Court has jurisdiction over this matter pursuant to 20 U.S.C. Sec. 1415(i)(3)
and 105 ILCS Sec. 5/14-8.02. Venue is properly located in this District.

**ANSWER:** Defendant admits the allegations contained in paragraph 2.

**PARTIES**

3.     JOHN M. is an 11 year-old boy who will enter 6th grade in the 2008-9 school year. His school district of residence is Chicago Public School District No. 299 (hereafter CPS). Following a five day due process hearing, JOHN M. and his parent LISA M. prevailed in that an Independent Hearing Officer issued an order which determined that CPS had denied JOHN M. a free and appropriate public education for more than two years. The Hearing Officer ordered that CPS provide additional services and supports including 30 hours of direct instruction during the summer of 2008 and again during the summer of 2009. JOHN M. brings this action by and through her parent and next friend, LISA M.

**ANSWER:** Defendant admits the allegations contained in the first and last sentences of paragraph 3. Defendant also admits that plaintiffs' technically prevailed following the five day due process hearing and Defendant was ordered to provide 30 hours of direct reading instruction during the 2008 and 2009 summers. The Defendant denies the remaining allegations contained in paragraph 3. In further answering, the Defendant states that plaintiffs' received only partial relief, and the hearing officer denied their three primary requests for relief – placement at a private therapeutic day school, reimbursement for four independent evaluations, and payment for additional independent evaluations. Defendant also states that it made a written settlement offer to plaintiffs more than ten days prior to the hearing, and the settlement offer was more favorable than the hearing decision.

4.     LISA M., also brings this action on her own behalf as the prevailing party in the administrative process. She is JOHN M.'s mother, and she resides with JOHN in Chicago, Illinois and within the boundaries of Chicago Public School District No. 299.

**ANSWER:** Defendant admits the allegations contained in paragraph 4.

2

5.    Defendant BOARD OF EDUCATION OF THE CITY OF CHICAGO, DISTRICT 299 (Hereafter the Board, or CPS) is the Local Education Agency as defined in 20 U.S.C Sec. 1402(15) and, as such, is responsible for ensuring the provision of a free and appropriate education to all children residing in the district who, because of their disabilities, have special education needs.  On information and belief, the Board has been periodically apprised of and has made decisions concerning this matter.

**ANSWER:**  The Defendant admits the allegations contained in the first sentence but

denies the allegations contained in the second sentence of paragraph 5.

## FACTUAL ALLEGATIONS

6.    JOHN M. (hereafter John) was determined eligible for special education services based on a determination that he had a mild cognitive impairment, and he attended second grade and most of third grade (2005-6 and 2006-7 school years) in a self-contained classroom, which is a small classroom exclusively for students with disabilities.

**ANSWER:**  Defendant admits the allegations contained in paragraph 6.

7.    At the beginning of the 2005-6 school year John was transferred from his home school, Wacker Elementary, to Evers Elementary school, because Wacker School did not have a self-contained classroom.

**ANSWER:**  Defendant admits the allegations contained in paragraph 7.

8.    John received a triennial evaluation in April, 2006, at which time a CPS psychologist determined that John had cognitive skills in the "low average range" with individual subtest scores ranging from low average to average.  These scores caused the psychologist to conclude that John was not cognitively impaired. As a result of this determination, his eligibility was changed to learning disabled.

**ANSWER:**  Defendant admits the allegations contained in paragraph 8.

9.    An IEP developed in April, 2006 following the triennial evaluation moved John from a self-contained classroom to a regular education classroom for most of his school day.  His IEP provided for 400 minutes per week, or about 1 hour and 20 minutes per day in a "resource room" with a special education teacher.  At the end of the 2006-7 school year CPS transferred John back to his home school at Wacker.

**ANSWER:**  Defendant admits the allegations contained in paragraph 9.

10.    John's mother, Plaintiff LISA M. (hereafter Lisa M.) disagreed with the IEP team decision to shift her son out of a self contained classroom in into the regular education classroom.

**ANSWER:** Defendant admits the allegations contained in paragraph 10.

11.    Plaintiff Lisa M. also expressed concerns that John was not making reasonable progress in the regular education classroom.   She repeated those concerns at IEP meetings in 2006, 2007 and in 2008.

**ANSWER:** Defendant admits the allegations contained in paragraph 11.

12.    Plaintiff Lisa M. enrolled her son in a summer and afterschool tutoring program at the Star Learning Center, at St. Xavier University during the summer and Fall of 2007. Instruction at the Star Learning center, increased John's reading comprehension from first to second grade level.   During the Fall of 2007, John was in 5th grade at Wacker Elementary School.

**ANSWER:** Defendant admits the allegations contained in the first and last sentences of

paragraph 12.  Defendant also admits that John's reading comprehension increased one

year.  Defendant denies all remaining allegations contained in paragraph 12.

13.    LISA M. retained Mauk & O'Connor, LLP and Michael A. O'Connor to represent them, and on their behalf he requested a due process hearing on November 1, 2007 to redress violations of the Individuals with Disability Act (IDEA) 20 U.S.C. ¶ 1401 *et seq.*

**ANSWER:** Defendant admits the allegations contained in paragraph 13.

14.    The due process hearing request alleged that CPS did not provide a free and appropriate education during the period from November 1, 2005 based on:

    1)    Failure to conduct adequate or timely assessments of all areas of potential disabilities including, speech and language, occupational therapy, learning disabilities and social/emotional (untimely only) with the result that the student's educational program for this period did not address, or addressed inadequately, his learning impediments and attentional difficulties;

    2)    Failure to provide essential related services, with adequate levels of intensity, in areas of speech language, occupational therapy, assistive technology and social work services;

3)  Failure to identify and utilize effective teaching methodologies at a sufficiently intensive level that would enable the student to make progress commensurate with his cognitive skills;

4)  Failure to offer a complete curricula in areas of reading, language arts, math, social studies and science, with the result that student did not make academic progress;

5)  The parent contends that the student's IEP's for the past two years:

   i)  Included statements of present levels of performance that do not accurately and objectively state the student's skills and functional levels.

   ii)  Provide goal statements that are vague and not measurable, and where the goals set an increase in skill level, the goal is not commensurate with the student's potential for development.

   iii)  Fail to address attentional and organizational limitations of the student;

   iv)  Fail to identify what methodology will be used to remediate student's reading and math skills;

   v)  Provide for an inadequate level of related services in

       (a)  Speech language services are authorized at 30 minutes per week, but should be at least 60 minutes per week for a child with significantly depressed expressive and receptive language skills;

       (b)  Failed to offer social work services prior to January, 2008, despite evidence of poor social interaction by the student;

       (c)  Failure to implement assistive technology resources in accordance with recommendations in AT reports;

   vi)  Offer occupational therapy only on a consultative basis, despite evidence that direct OT services are required;

       (a)  Fail to authorize extended school year services, despite substantial evidence that the student has experienced total lack of educational progress over the past two years.

**ANSWER:**  Defendant admits the allegations contained in paragraph 14.  In further answering, Defendant denies the allegations contained in the due process request.

15.    Plaintiffs sought the following relief in the due process hearing:

1.    Private therapeutic day school placement at public expense;
2.    Direct that CPS pay for independent educational evaluations in areas of identified need, including occupational therapy, social/emotional, speech/language, and assistive technology;
3.    Direct CPS to offer related services in sufficient intensity to allow student access to education opportunity;
4.    Direct CPS to provide compensatory education services for loss of FAPE during the past two years, including; after school tutoring by a certified special education teacher for one hour per week for two years;
5.    Direct CPS to convene an IEP meeting that will consider results of evaluations and implement the foregoing relief: and
6.    Other relief that will be determined after the receipt of additional school records.

**ANSWER:**  Defendant admits the allegations contained in paragraph 15.  In further

answering, Defendant denies that plaintiff is entitled to the relief sought in the due

process hearing.

16.    A due process hearing ensued, beginning on February 25, 2008, and continuing on February 26, March 5, March 11 and April 28, 2008, before an independent hearing office (IHO) appointed by the Illinois State Board of Education.  Following completion of the hearing the IHO issued a decision and order on May 12, 2008 (a copy of the decision is attached hereto as Exhibit A).

**ANSWER:**  Defendant admits the allegations contained in paragraph 16.

17.    The IHO found that CPS denied John a free and appropriate public education from June 20, 2005, based on procedural violations (p. 19 of decision), failure to provide speech/language services and assistive technology with sufficient intensity (p. 23 of decision); failure to offer reading instruction with sufficient intensity (p. 25 of decision), failure to offer Extended School Year services (summer school) (p. 27 of the decision), and inadequacies in the Individual Education Program (IEP) prepared in March, 2007 for the 2007-8 school year (p. 27 of decision).

**ANSWER:**  The Defendant admits the hearing officer issued a 29 page decision and

order on May 12, 2008.    The Defendant denies that plaintiffs have accurately

summarized the hearing officer's decision and order.

18.   The IHO ordered:

1.   The Parent's request that the Student be allowed to attend a private therapeutic day school at public expense is denied.

2.   The Parent's request that CPS pay for independent educational evaluations that were completed in the areas of occupational therapy, social/emotional speech and language and assistive technology is denied.

3.   The Parent's request that CPS be directed to pay for additional independent evaluations is areas of demonstrated need such as OT, is denied.

4.   Parent's request that CPS be directed to provide related services with sufficient intensity is granted with respect to speech and language and assistive technology. The District is ordered to provide J. with at least one hour per week of speech and language therapy extending, at least, through the 2008-09 school year. The District is also ordered to provide J. with appropriate assistive technology support. This requires more than insuring AT products are available in the resource room. CPS must provide both the resource room teacher and the Student with adequate training to be able to use the AT products. Most important, the Student must receive weekly instruction – with direct teacher supervision—using one or more of the AT products for written expression. (Co:Writer and Write:Outloud) Instructional time for written expression must be at least forty minutes per week. To the extent it has not already happened, J. should begin to use the written expression software to assist him in completing written assignments from his regular classroom assignments.

5.   Parent's request that CPS be directed to provide the Student with compensatory services is granted in the following ways:

- CPS shall provide the Student with after school tutoring by a certified special education teacher for one hour per week for the 2008-09 school year;
- CPS shall provide the Student with reading instruction in the summer of 2008 and 2009. Because it has proved to be more successful with J. than other multisensory methods, the instruction must rely on the Wilson method. Moreover, instruction must be provided by a teacher who has received Wilson training, and who has taught the Wilson method to students. The summer sessions must extend for at least five

weeks, with at least three sessions per week lasting two or more hours.

6.    The Parties shall convene an IEP conference no later than two weeks from the date of this decision to draft a new IEP for J., which takes this decision and order into account. In particular, the IEP must provide sufficient time for J. to receive at least one hour a day, at least four days a week, of reading instruction using the Wilson reading method.

[in footnote to para 6] To ensure J.'s progress, the instructor should closely follow the Wilson manual of instructions, and avoid combining elements of numerous methods. This will more effectively provide the consistency, repetition and reinforcement that is critical to J.'s success.

7.    Assuming Ms. Smith will be the individual who provides Wilson instruction to the Student, CPS shall provide Ms. Smith with additional training in the Wilson method, either through additional support from Ms. Condron, or by providing for Ms. Smith to attend at least one additional Wilson seminar at CPS's expense. (pp 27-29 of decision).

**ANSWER:** Defendant admits the allegations contained in paragraph 18.

19.    On June 11, 2008, John, and her parent, Lisa M., through their attorney, submitted an interim claim for attorney fees to Defendant Board (attached hereto as exhibit B). The total amount claimed for representation in the due process hearing through that date is $52,814.02.

**ANSWER:** Defendant admits the allegations contained in paragraph 19.  In further

answering, Defendant denies that plaintiffs' fee request is reasonable.

20.    Plaintiffs offered to accept a reduction in fees, to eliminate billing for an IEP meeting and related activities, but Defendant declined to accept the offer.

**ANSWER:** Defendant admits the allegations contained in paragraph 20.  In further

answering, Defendant states that it made two settlement offers to plaintiffs proposing a

reduction in fees due to plaintiffs' achieving only partial relief and failing to prevail on

the issues of private therapeutic day placement and reimbursement/payment for

independent evaluations.  Defendant's first settlement offer was for 25% of the fee

request - $12,213.82. Defendant's second settlement offer was for 50% of the fee request

- $26,407.01.

21.    Plaintiffs have incurred, and will incur, additional attorney fees for action to ensure compliance with the IHO decision.

**ANSWER:** Defendant denies the allegations contained in paragraph 21.

22.    Defendants have failed to pay Plaintiffs the amount fees reasonably incurred in the due process proceeding.

**ANSWER:** Defendant admits it has not paid plaintiffs attorney's fees incurred in the

due process hearing. Defendant denies that the fee request submitted was reasonable

and denies that plaintiffs are entitled to recover $49,489.02.

## LEGAL ALLEGATIONS

23.    Plaintiff's are the prevailing parties in the administrative proceeding against CPS pursuant to 20 U.S.C. Sec. 1415(i)(3)(B).

**ANSWER:** Defendant admits that plaintiffs technically prevailed in the administrative proceeding.

24.    Plaintiffs are entitled to reasonable attorney's fees and costs as the prevailing party pursuant to 20 U.S.C. Sec. 1415(i)(3)(B).

**ANSWER:** Defendant admits that 20 U.S.C. Sec. 1415(i)(3)(B) permits the prevailing

party to recover reasonable attorney's fees. Defendant denies that plaintiffs' fee request

is reasonable and denies that plaintiffs are entitled to recover $49,489.02.

25.    Plaintiffs' attorney's hourly rates are consistent with the rates prevailing for the kind of quality of services furnished, as required by 20 U.S.C. Sec. 1415(i)(3)(B).

**ANSWER:** Defendant admits the allegations contained in paragraph 25.

26.    The time expended and billed by Plaintiffs' counsel in the due process hearing is reasonable, consistent with the overall results obtained, and therefore are compensable under 20 U.S.C. Sec. 1415(i)(3)(B).

**ANSWER:** Defendant denies the allegations contained in paragraph 26.

27.    There are no special circumstances which would render the award of Plaintiffs' full request unjust, nor are the fees requested excessive.

**ANSWER:** Defendant denies the allegations contained in paragraph 27.

**RELIEF**

WHEREFORE, LISA M. on her own behalf and as parent and next friend of JOHN M. pray that this Court:

    a.    find that Plaintiffs were the prevailing party in their administrative proceeding against Defendants pursuant to 20 U.S.C. Sec.1415 (i)(3)(B);

    b.    Award attorney fees and costs in the amount of $49,489.02 for fees and costs incurred in Prevailing in the administrative proceeding against defendants;

    c.    Award such additional fees as may reasonably be incurred in connection with para. 24 above;

    d.    Award reasonable attorney fees which are being incurred to prosecute this Complaint; and

    e.    Grant such other relief as this Court deems just.

**ANSWER:**  Defendant denies that plaintiffs' attorney's fees request is reasonable and denies that plaintiffs are entitled to the amount of attorney's fees which they are requesting.

**FIRST AFFIRMATIVE DEFENSE**

Defendant tendered a settlement offer on February 15, 2008 which was more favorable than the hearing officer's decision, and pursuant to 20 U.S.C. § 1415(i)(3)(D)(i), plaintiffs are not entitled to any attorney's fees incurred after February 15, 2008.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's attorney fee summary contains numerous unreasonable fees and costs which are not recoverable under 20 U.S.C. § 1415(i)(3)(D)(ii) and (F) and current case law.

## THIRD AFFIRMATIVE DEFENSE

The award of attorney fess should be reasonable in relation to the plaintiffs' degree of success. *See Dale M. v. Board of Education of Bradley-Bourbonnais High School District No. 307*, 29 F. Supp. 2d 925, 930 (C.D. Ill. 1998) and *Monticello School District No. 25 v. George L.*, 102 F.3d 895, 907 (7th Cir. 1996). Plaintiff achieved only partial relief and the fee award should be reduced accordingly.

Respectfully submitted,
PATRICK J. ROCKS,
General Counsel,

By:      s/Kathleen M. Gibbons
         Kathleen M. Gibbons
         Senior Assistant General Counsel
         Board of Education of the City of Chicago
         125 South Clark Street, Suite 700
         Chicago, Illinois 60603
         773/553/1700

## CERTIFICATE OF SERVICE

I, Kathleen M. Gibbons, certify that I caused the attached **Defendant Board of Education of the City of Chicago's Answer to Complaint** to be served upon counsel of record *via* CM-ECF E-Filing pursuant to General Order on Electronic Case Filing, Section XI(C), on this 3rd day of September, 2008.

s/ Kathleen M. Gibbons
Kathleen M. Gibbons
Senior Assistant General Counsel
Board of Education of the City of Chicago
125 South Clark Street, Suite 700
Chicago, Illinois 60603
(773) 553-1700